**In re Harvie C. KESTERSON and Kathy S. Kesterson.**

**Bankruptcy No. FS 87–20 S.**

United States Bankruptcy Court, W.D. Arkansas, Fort Smith Division.

Sept. 29, 1987.

Rex W. Chronister, Ft. Smith, Ark., for debtors.

562

Deborah Grooms, Ft. Smith, Ark., for U.S.A., Farmers Home Admin.

A.L. Lenney, No. Little Rock, Ark., trustee.

## AMENDED AND SUBSTITUTED ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is an Objection to Confirmation of the Debtors' Second Modified Chapter 12 Plan filed by the United States of America, Farmers Home Administration. The matter came on for hearing September 11, 1987. The debtors appeared personally and by counsel, Rex W. Chronister, Esq. The United States of America, Farmers Home Administration appeared by counsel, Deborah Grooms, Esq.

The United States of America, Farmers Home Administration objects to the terms of the debtors' second modified plan. The government asserts that the terms of the debtors' proposal to pay the stipulated secured debt owed to Farmers Home Administration, namely, "over 15 years at 6% interest" are unfair and impair the interest of the United States of America. The government asserts that these terms are only available in emergency situations as a limited resource loan and are never fixed but subject to yearly review and readjustment.

The government contends that even though the debtors had such a loan in effect pre-petition and it agreed to these same terms under the original and first amended plans, it had only done so because the debtors would continue to own certain encumbered real estate which required substantial annual payments. The government concluded in its analysis of the first plan that if the government's loan terms were any higher the debtors would otherwise not be able to make adequate payments to all mortgagees and unsecured creditors and the plan would fail. The debtors thus qualified for this limited resource loan. The government contends that the second proposed amendment alters the debtors' financial situation to such a degree that the debtors appear to no longer qualify for the loan terms outlined in the initial agreement. Rather, they assert that the debtors, because they now propose to deed back the encumbered real estate in exchange for forgiveness of debt, should now have sufficient excess funds to provide Farmers Home Administration with a payment more in accord with its standard loan rate which at this time is 8.75% over 7 years.

The debtors argue that the government cannot now object to the terms of a plan to which it already agreed. In the alternative they argue that if the government is allowed to object, the objection should not be sustained because they still qualify for the limited resource loan. They contend they do not have excess funds to provide a higher payment and interest rate to Farmers Home Administration at this time.

After reviewing the files and records and hearing testimony the Court finds that the government's objection should be overruled upon certain conditions as hereinafter outlined.

■ The Court finds that the government's point is well taken that the loan terms being proposed by the debtors are those granted by Farmers Home Administration in limited situations and should be awarded only in emergency need situations, be reviewed yearly as regulations require and, if the farmer's financial situation improves, adjusted accordingly or converted back to a standard loan. Here the debtors rely on the misconception that since the government once agreed to the loan terms they propose, it cannot now object. This argument ignores the fact that submission of their second amended plan with substantial changes amounts to starting over. All creditors are given another opportunity to review the plan in order to determine if the amendments adversely affect the treatment of their claims. The government concludes that the second amended plan does. The Court agrees and hence, rejects the debtors' simplified argument.

■ The Court does conclude, however, after hearing all of the testimony, that the debtors' financial situation, at least for the present time, has not sufficiently changed

to the extent that the debtors would be able to provide better terms than they were paying pre-petition and now offer to Farmers Home Administration. in the second amended plan. The Court is concerned, however, that the debtors' proposal is an attempt to utilize a specialty loan program available to needy farmers and lock in these terms for 15 years. In other words, the debtors' proposal appears to be an attempt to incorporate only the best features of the limited resource loan program and eliminate the negative features, namely, the rules and regulations of the agency which require annual review and possible conversion to standard Farmers Home Administration loan terms. The Court believes that this proposal is not equitable and can only confirm the debtors' Chapter 12 plan if it is amended to provide compliance with the rules and regulations of Farmers Home Administration governing these limited resource loans. To hold otherwise would in this Court's opinion, be unfair to a secured creditor entitled to the value of its security and a fair market rate of return on invested funds. The government is no different from other secured lenders.

Accordingly, it is hereby

ORDERED that the objection to confirmation be and hereby is overruled. It is further

ORDERED that the debtors, within 10 days of the date of entry of this Order, submit an amended Chapter 12 plan which complies with the findings of this Court as hereinabove set out. It is further

ORDERED that the debtors serve copies of the amended plan with notice to all creditors to file any objections thereto and request for hearing within 25 days of receipt. It is further

ORDERED that, if no objections are timely filed with a request for hearing, the debtors shall submit to the Court a precedent for this Court to enter confirming their Chapter 12 plan as amended and no further hearing will be necessary.

THIS ORDER AMENDS AND IS SUBSTITUTED FOR THE ORDER OF THIS COURT SIGNED SEPTEMBER 21, 1987

AND ENTERED ON THE DOCKET SEPTEMBER 22, 1987.

IT IS SO ORDERED.